**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DANIEL J. MASTERSON, | No. 11-17389 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-01307-KJD-PAL |
| v. | |
| SILVIA HUERTA-GARCIA; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Kent J. Dawson, District Judge, Presiding

Submitted November 13, 2012[**]

Before: CANBY, TROTT, and W. FLETCHER, Circuit Judges.

California state prisoner Daniel J. Masterson appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional

violations. We have jurisdiction under 28 U.S.C. §1291. We review de novo a

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

district court's summary judgment. *Jones v. Blanas*, 393 F.3d 918, 926 (9th Cir. 2004). We review for an abuse of discretion a district court's decision to dismiss duplicative claims. *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007). We affirm.

The district court did not abuse its discretion by dismissing Masterson's due process, retaliation, and conspiracy claims that were duplicative of his claims in his other pending action. *See id.*

The district court properly granted summary judgment on Masterson's remaining retaliation claims because Masterson failed to raise a genuine dispute of material fact as to whether prison officials' allegedly retaliatory actions served legitimate correctional goals. *See Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (setting forth the elements of a retaliation claim).

The district court properly granted summary judgment on Masterson's Eighth Amendment claim because Masterson failed to raise a genuine dispute of material fact as to whether the prison officials who recommended Masterson's transfer to the Salinas Valley State Prison ("SVSP") were aware of Masterson's enemy concern when they made the recommendation and at the time of transfer. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (to act with deliberate indifference, a prison official must be aware of facts from which he could infer the

existence of a substantial risk of serious harm). Moreover, although defendant Costa knew of the enemy concern, he acted reasonably by immediately notifying SVSP staff of the enemy concern upon learning of the transfer. *See id.* at 844-45 (prison officials may avoid liability by presenting evidence of a reasonable response to the risk). Finally, the officers that escorted Masterson to the transfer vehicle cannot be held liable for failing to override the transfer because they lacked the authority to do so.

The district court did not abuse its discretion in denying Masterson's motions to strike. *See Hambleton Bros. Lumber Co. v. Balkin Enterprises Inc.*, 397 F.3d 1217, 1224 n.4 (9th Cir. 2005) (setting forth standard of review).

The district court did not abuse its discretion by declining to view the video recording of his escort to the transfer vehicle to determine whether Masterson alerted the escorting officers of his enemy concern because the video evidence was irrelevant as the escorting officers lacked authority to override Masterson's transfer. *See United States v. W.R. Grace*, 504 F.3d 745, 759 (9th Cir. 2007) (setting forth standard of review for evidentiary rulings).

Defendants' joint request for judicial notice is granted.

**AFFIRMED.**